**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paula Jean Williams,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-20-00136-PHX-JAT<br><br>**ORDER** |

Pending before the Court is a stipulation of the parties that Plaintiff be awarded attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 25).

"A litigant is entitled to attorneys' fees under the EAJA if: '(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable.' *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A)."

*Michele M. v. Saul*, No. 19-CV-00272-JLB, 2020 WL 5203375, at *1 (S.D. Cal. Sept. 1, 2020).

In this case, with respect to item 1, this Court remanded this case to the agency for further proceedings. Thus, Plaintiff is the prevailing party. *Id*. at *1 ("A plaintiff who obtains a sentence four remand under 42 U.S.C. § 405(g), even when further administrative review is ordered, is considered a prevailing party for purposes of attorneys' fees. *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (*citing Schalala v. Schaefer*, 509 U.S. 292, 297–98, 301–02 (1993))" (internal quotations omitted)).

With respect to item 2, in the stipulation, the Government states: "…[S]uch award should not be used as precedent in future cases, nor be construed as a concession by the Commissioner that his original decision denying benefits was not substantially justified. Accordingly, Plaintiff is entitled to attorney fees in the amount of $8622.87 as a compromise settlement, which does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise." (Doc. 25 at 2).

The Ninth Circuit Court of Appeals has explained:

> Pursuant to the EAJA, we are required to award [Plaintiff] fees and other expenses incurred in connection with his civil action unless we find that the position of the United States was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).
> The test for determining whether the Secretary's position was substantially justified under the EAJA is whether the position had a reasonable basis in both law and fact—that is, whether it was justified "to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988); *see also Barry v. Bowen,* 825 F.2d 1324, 1330 (9th Cir. 1987). The burden is on the Secretary to prove that his position was substantially justified. *Id.*

*Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991).

The Court can find no law supporting the Government's position in the stipulation. Of course, the parties can reach a settlement without Court intervention to terms they deem appropriate. However, here, the parties are asking the Court to award fees specifically under the EAJA, yet the Government is attempting to dictate to the Court that the Court cannot apply the law governing EAJA awards. The Court can find no law supporting the Government's position that the Government can have *both* a Court approved EAJA award *and* a settlement outside the EAJA law the Court must apply.

Specifically, the Court would not take issue with the stipulation if it were silent on whether the Government's position was substantially justified. Notably, the stipulation is silent as to whether "special circumstances make an award unjust" and the Court finds no issue in this case as to special circumstances. But with respect to whether the Government's position was substantially justified, the Government makes clear in the stipulation that it maintains its argument that its position was substantially justified. Thus, the Government has raised this argument. Further, the law is clear that the Court cannot award fees under

the EAJA if the Government's position was substantially justified. Accordingly, now that the Government has made the argument, the Court must consider the argument before the Court can award fees under the EAJA.

Applying the test as articulated in *Russell*, the Court finds that the Government has failed to prove that its position was substantially justified. 930 F.2d at 1445. Accordingly, the Court finds that Plaintiff is entitled to fees. *See Michele M.*, 2020 WL 5203375, at *2 (reaching the same conclusion that a stipulation by the Government to award fees means the Government has failed to prove its position was substantially justified).

With respect to item 3, the statute indicates that the record must show the fees sought are reasonable.

> **(B)** A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and **the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.** The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C § 2412(d)(1)(B) (emphasis added).

Here, the parties stipulated to an award of fees and did not include the information anticipated by the statute. The Court assumes the Government independently evaluated the reasonableness of the fees before it stipulated to the award of fees. The Court relies on the Government's evaluation in this regard and finds the Government's evaluation is sufficient to comply with the obligation that a determination was made that the fees are reasonable.

Therefore,

**IT IS ORDERED** granting the stipulation (Doc. 25) such that Plaintiff is awarded attorney fees under the Equal Access to Justice Act in the amount of $8,622.87. No costs have been requested by Plaintiff and therefore none are awarded.

    **IT IS FURTHER ORDERED** that if, after receiving this Order, the Commissioner: (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, then the check for the fees awarded herein will be made payable to Plaintiff's attorney pursuant to the assignment executed by Plaintiff. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and any remaining Equal Access to Justice Act fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

    Dated this 2nd day of April, 2021.

_____
James A. Teilborg
Senior United States District Judge