**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paula Jean Williams, | No. CV-20-00136-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Paula Jean Williams' Motion for Attorney Fees under 42 U.S.C. § 406(b) and Memorandum in support thereof. (Docs. 28, 29). The Commissioner of the Social Security Administration responded. (Doc. 31). The Court now rules.

**I.    BACKGROUND**

The Commissioner of the Social Security Administration ("SSA") initially denied Plaintiff's claim for benefits. (Doc. 1 at 2). Plaintiff filed this action seeking judicial review of the Commissioner's decision. (Doc. 1). The Court vacated the final decision of the Commissioner and remanded to the agency for further proceedings. (Doc. 23; Doc. 24 (Clerk of the Court entered judgment)). On Plaintiff's motion, the Court awarded Plaintiff $8,622.87 in attorney fees under the Equal Access to Justice Act ("EAJA"). (Doc. 26).

On remand, an Administrative Law Judge ("ALJ") found that Plaintiff was entitled to Social Security disability benefits beginning in March 2015. (Doc. 29-1 at 3). The Commissioner issued a Notice of Award that stated that $61,505.25 had been withheld for

payment of attorney fees. (Doc. 29-1 at 5 (stating that the Commissioner "usually withhold[s] 25 percent of past due benefits" and had withheld $61,505.25); *see also* Doc. 31 at 3 (the Commissioner stating that "the fees requested . . . do not exceed 25% of the total of Plaintiff's past-due benefits.")). Plaintiff's counsel now seeks this amount—$61,505.25—as a total fee award. (Doc. 29).

## II.  LEGAL STANDARD

A court entering judgment in favor of a Social Security claimant represented by counsel "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Though "[t]he statute does not specify how courts should determine whether a requested fee is reasonable," *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009), the Supreme Court has made clear that the first step is to respect "the primacy of lawful attorney-client fee agreements," *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court may deviate downward from a requested fee award "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151. A court may also "consider the lodestar calculation, but only as an aid in assessing the reasonableness of the fee." *Id.* (citing *Gisbrecht*, 535 U.S. at 808). "Because the SSA has no direct interest" in how the award is apportioned between client and counsel, district courts must independently "assure that the reasonableness of the fee is established." *Id.* at 1149.

In determining whether fees sought under § 406(b) are reasonable, the Court considers the contingent-fee agreement, the character of the attorney's representation, and the achieved result. *Gisbrecht*, 535 U.S. at 808. Although not controlling, courts may also consider the number of hours spent representing the claimant and the attorney's normal hourly billing rate for non-contingent-fee cases in determining reasonableness. *Id.* at 808–09. Finally, if a claimant's attorney receives fees under both the EAJA and § 406(b), the attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (citation

omitted).

**III.     DISCUSSION**

Here, Plaintiff contractually agreed to pay counsel 25% of past-due benefits. (Doc. 29-2 at 2). Plaintiff's counsel now seeks $61,505.25, or 25%, of the past-due amount awarded to Plaintiff. (Doc. 29). Counsel's itemization of services indicates 41.5 hours of attorney services rendered. (Doc. 29-3 at 3). Based on the hours expended, Plaintiff's counsel's effective hourly rate for this work is $1,482.05. (Doc. 31 at 2). There is no doubt that this rate is on the high end of acceptable rates. *See, e.g., Hopkins v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08129-PCT-DGC, 2024 WL 3010939, at *1 (D. Ariz. June 14, 2024) (effective hourly rate of $231.94); *Mize v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00330-TUC-JGZ, 2024 WL 3951986, at *2 (D. Ariz. Aug. 27, 2024) (effective hourly rate of $350.79);  *Reidhead v. Comm'r of Soc. Sec. Admin.*, No. CV-21-1827-PHX-MTL, 2025 WL 238931, at *1 (D. Ariz. Jan. 17, 2025) (effective hourly rate of $578.84); *Terrazas v. Comm'r of Soc. Sec. Admin.*, No. CV-22-00468-PHX-DJH, 2024 WL 4534482, at *2 (D. Ariz. Oct. 21, 2024) (effective hourly rate of $751.25). Nonetheless, the rate is still within the range of reasonableness. *See, e.g., Roegner v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01974-PHX-DLR, 2024 WL 5106647, at *1 (D. Ariz. Dec. 13, 2024) (effective hourly rate of $1,912.35); *McCabe v. Comm'r of Soc. Sec. Admin.*, No. CV-22-00192-PHX-DLR, 2025 WL 460744, at *1 (D. Ariz. Feb. 11, 2025) (effective hourly rate of $1,513.51).

Furthermore, upon review of the record, the Court finds no indication that Plaintiff's counsel engaged in any substandard performance or undue delay in prosecuting Plaintiff's case. As such, upon consideration of the *Gisbrecht* reasonableness factors, in addition to the risk involved in the contingency fee arrangement in this case, the Court concludes that a fee award of $61,505.25 is reasonable and will approve an award in this amount. Because "the claimant's attorney must refund to the claimant the amount of the smaller fee," *Gisbrecht*, 535 U.S. at 796, the Court will order Plaintiff's counsel to refund the $8,622.87 EAJA award to Plaintiff upon counsel's receipt of the attorney fees awarded by this Order.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's counsel's Motion for Attorney Fees under 42 U.S.C.§ 406(b), (Doc. 28), is **GRANTED** in the amount of $61,505.25.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the fees previously awarded under the EAJA, in the amount of $8,622.87.

Dated this 8th day of May, 2025.

James A. Teilborg
Senior United States District Judge